Chief Justice Simpson
delivered the opinion of the Court.
This action of assumpsit was brought in the names of Jonathan Tivebaugh, Solomon W. Tivebaugh, Jesse Tivebaugh, and John Tivebaugh, against the executor of H. Brent, dec’d., to recover usury, which the plaintiff’s alleged they had paid his testator in his lifetime.
It appeared from the evidence upon the trial that Jacob Tivebaugh died indebted to Hugh Brent in the sum of two hundred and ninety-one dollar's, thirty-nine cents, a considerable part of which was usury. And that in September, 1841, after his death, the notes that Brent held for the debt, were taken up by Jonathan Tivebaugh and Solomon W. Tivebaugh, the executors of Jacob Tivebaugh, dec’d., and paid by them, by the execution of their individual note to Brent for the amount, in which note, the two other plaintiff’s Jesse and John Tivebaugh also joined as co-obligors. The note executed by them was joint and several. It had been paid to Hugh Brent in his lifetime, as was proved by receipts endorsed upon it, and signed by him. The first payment of one hundred dollars, was made by Solomon Tivebaugh, another payment of the same amount was subsequently made by Jonathan Tivebaugh, as stated in the receipts. The receipts upon it did not show by whom the balance of the debt had been paid. There was no other evidence upon the trial in relation to the payment of the note, or the manner in which it had been made. The parties having dispensed with a jury and submitted the law and facts of the case to the Court, and a judgment having been rendered against thé executor, he has prosecuted a writ of error to this Court.
The questions presented,
Two who were exec’rs. took up the note of their testator, which was given for usury, two others joined in the note as co-obligors— the note was joint and several; receipts upon the note showed pay ments in part by each of the executors; who p'aid the balance did ■not appear; a joint euit was brought by the ■executors to recover back the amount of the •note paid off— Held that the inference from the facta appearing, was that the two first named who were the ex mentors were the ■ debtors, and the ■other his sureties, and no fact appearing to the contrary, the pre sumption was that the note was paid off wholly by the principals.
A misjoinder of plaintiff in as-sumpsit is fatal to the action, & no judgment can bo rendered for them if the evidence does not show a joint jight.
Two questions are made in the case. First. Did the testimony authorize the plaintiffs in the Court below to maintain a joint suit for the money paid? Second. Did the transaction in 1841, amount to a payment of the usury, so that this suit which was not brought until more than five years after that time, was barred so far as its object was to reclaim that usury, by the statute of limitations, it having been plead and relied upon; or did the right to reclaim the usury arise upon the payment of the last note and not previously?
As it respects the first question, the right to maintain a joint suit, depended upon the payment of the usury by the parties jointly, or out of a joint fund. If the payment were made by two of them only, and-not with money belonging to all of them, a joint suit could not be maintained by them. So far as the usury was paid by any one of the obligors, out of his individual means, he had a separate right to it, and could only maintain a suit for it in his own name. Did the evidence in this case authorize the presumption that the money had been paid by the obligors jointly or out of a joint fund? No such presumption in our opinion, can be indulged from the manner in which the payments were made, or from the nature of the transaction. It must be inferred from the facts proved that two of the obligors were the principal debtors, and the other two were sureties only. The two first payments credited, were made by the principal debtors, and the probability is, that they paid the balance of the debt. There was no testimony from which it can be inferred that the sureties paid any part of it, or that any part of it was paid with the joint funds of the obligors.
The doctrine is well settled, that a misjoinder of plaintiffs in assumpsit, is fatal to the action, and that no judgment can be rendered for them, if the evidence upon the trial fails to establish a joint cause of action.
In regard to the secoq.d question, it appeared in addition to the facts already stated, that when the executors of Jacob Tivebaugh executed their individual note for the debt of their testator, that Hugh Brent execu *89 ted to therb as executors, a receipt for its payment, for the amount of which they obtained a credit in a settlement afterwards made by them as executors. When did the right to demand the usury included in the debt thus settled first arise, and to whom does the right of action belong? It is evident that this usury was paid by the estate of Jacob Tivebnugh, dec’d., and the right to reclaim it was in his executors, and that they might have sued for it at any time after the settlement was made in which the estate was charged with it. They executed their note as individuals, that note was received by the creditor as a payment., they obtained a credit as executors for the amount, and consequently the usury was paid by them as executors, and not in their individual capacity when they discharged their own note, to pay which they had received an equal amount in money belonging to the estate. We are inclined to the opinion, that as executors they might have maintained a suit to reclaim the usury, immediately after the arrangement was made with Brent by which they paid' the debt of their testator by the execution of their own note, even before they made a settlement with the County Court, and obtained a credit for the amount, but-be this as it may, the debt was certainly paid by the estate of their testator, to whom the credit was allowed them, and their right to it after that event, was in the character of executors,- and not in their individual capacity.
Exer.-nlors giv. ing their own note lor usury claimed, against their tesmtormay sue as executors for its tnclama-lion, their right of action certainly accrues from Ote date when tjie are allowed a credit with the estate for such payment —probably front the date of then-note, if the creditor execute a receipt to them-for" the debt.
Smith for plaintiffs: G. Davis for defendants.-
Wherefore the judgment is reversed and the cause remanded fora new tiial and further proceedings con.-sistent with this opinion.